**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEON GREEN-BEY,<br><br>               Plaintiff,<br><br>    v.<br><br>ATLANTIC COUNTY, et al.,<br><br>              Defendants. | Civil Action No. 21-20143 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff is a state pre-trial detainee, who is currently detained in the Mercer County Correction Center. (*See* ECF Nos. 1; 14). On June 16, 2021, while already a pre-trial detainee, Plaintiff was transported into Atlantic County by two Atlantic County Sheriff's officers. (ECF No. 1 at 8.) It is not clear from the complaint why Plaintiff was taken into Atlantic County on that

date, but it does not appear to have been the date on which he was arrested as Plaintiff was detained in the Cape May County jail for at least several weeks prior to that date and continued to be detained there until at least November 2021. (*See* ECF No. 1-2 at 4.) Plaintiff contends that being transported to Atlantic County caused him mental anguish because he had previously suffered an unspecified excessive force incident in Atlantic County in June 2019.[1] (ECF No. 1 at 8.) While being transported by the Sheriff's officers, Plaintiff noticed that they had with them a document which contained his photograph and identified his race as black or African American, both of which he finds offensive because he identifies himself as being of Moorish descent. (*Id.*) Taking offense to being transported into Atlantic County and being so identified on this document, Plaintiff attempted to file tort claim notices with Atlantic County and several related agencies, including the Atlantic County Prosecutor and the claim adjuster for the County, all of whom declined to grant him relief. (*Id.*) Plaintiff also sought relief from the state courts, but received none. (*Id.*). Plaintiff now believes that these actions amount to a grand conspiracy to violate his rights and harm him which includes within its ranks several state court judges, officers, prosecutors, Atlantic County itself, and several other figures.

## II.  LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may

---

[1] Plaintiff also feels compelled to note that he did not "consent" to being transported and that he did not appreciate being transported in "chains" and under guard by two officers armed with pistols which put him at a disadvantage. (ECF No. 1 at 8.) Considering Plaintiff was clearly already a state criminal detainee and was most likely being transported for reasons related to his criminal prosecution, none of these facts are in any way surprising or indicative of any wrongdoing – criminal detainees are as a matter of course transported by armed police while handcuffed or otherwise restrained.

2

be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In this matter, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 alleging that he was denied his right to Due Process and Equal Protection because he was transported into Atlantic County for unknown reasons and noticed that two Sheriff's officers transporting him possessed documents which referred to him as black of African American, two terms with which he does not associate himself. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Id.* at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Although Plaintiff contends that his rights were violated when he was transported into Atlantic County, he provides no context for that claim other than the fact that he suffered some emotional pain upon being brought into Atlantic County because, two years earlier, he had suffered some incident of excessive force in that county. He provides no facts to suggest that his being so transported – presumably for purposes related to his criminal proceedings given the Defendants he names in his complaint – was in any way wrong or improper, or that he had some right to Due Process before being so transported. Given that he was already a state prisoner being held on criminal charges on the date of his transport, this Court perceives no clear constitutional violation from Plaintiff's being taken from the jail in which he was housed to another county, nor does this Court recognize any Constitutional right of criminal prisoners to be completely free of ever

4

entering a given county merely because they were previously accosted in that county. This Court thus finds no basis for a § 1983 claim arising out of being Plaintiff's transport to Atlantic County and dismisses any claims based on that allegation as such.

In his remaining claims, Plaintiff takes issue with his being identified in state paperwork as "black" or "African American," racial terms which he personally finds offensive and does not identify. Plaintiff does not provide any context regarding this document – it is not clear what the document was, what purpose the document served, or how its identification of Plaintiff's perceived race had any actual effect upon Plaintiff. Indeed, from Plaintiff's allegations, it seems Plaintiff only incidentally noticed the document, and he fails to indicate that it had any effects upon him beyond his own distaste for the racial identification noted on the form. As this Court is aware of no caselaw finding a constitutional violation arising out of a plaintiff being identified by general racial terms with which he does not identify, and Plaintiff has provided no basis for such a violation, this Court finds that this, too, fails to state a plausible claim for relief. Likewise, given the fact that the two incidents Plaintiff identifies do not appear to have actually involved any wrongdoing on the parts of the Defendants, Plaintiff's contention that he was improperly denied relief likewise fails to state a plausible claim for relief. As all of Plaintiff's claims fail to state a plausible claim for which relief may be granted, his complaint shall be dismissed without prejudice at this time.

This Court notes several other deficiencies, however. First, Plaintiff makes little effort to connect most of the Defendants to the alleged wrongs – he does not explain why he was being transported, where he was being taken, or who actually produced the document which he believes incorrectly labeled his race. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In this matter, Plaintiff doesn't clearly identify what parties truly

5

had any part in the alleged "wrongs." Instead, he relies on a blanket allegation that all those he believes involved were parts of a poorly defined conspiracy against him.

The basic element of a conspiracy, be it a conspiracy to violate § 1983 or otherwise, is a "meeting of the minds" of the alleged conspirators. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008) (citation omitted). A plaintiff seeking to raise a claim that the defendants conspired to deprive him of his rights must therefore "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). Because a plaintiff must plead facts showing his claim to be plausible rather than merely possible to survive screening, "the bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). Likewise, "[i]t is insufficient to allege that 'the end result of the parties' independent conduct caused plaintiff harm or even that alleged perpetrators of the harm acted in conscious parallelism.'" *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (quoting *Novellino v. N.J. Dep't of Corr. Mountanview Youth*, No. 10-4542, 2011 WL 3418201, at *15 (D.N.J. Aug. 3, 2011). As Plaintiff only provides a conclusory allegation that any conspiracy exists, he has failed to clearly connect most, if not all, of the Defendants to any of the alleged wrongs, and his claims are deficient for this reason as well.

Finally, the Court notes that several of the named Defendants may also be entitled to immunity in this matter. The state judge and court Defendants, for example, are almost certainly immune from suit. *See Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). The Atlantic County Prosecutor's office is likewise most likely immune. *See Imbler v. Pachtman*, 424 U.S. 409, 410

(1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Should Plaintiff choose to file an amended complaint in this matter, and to reraise these likely immune Defendants, he should address why his claims should not be barred.

### IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge