**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LEON GREEN-BEY,

                Plaintiff,

                v.

ATLANTIC COUNTY, et al.,

                Defendants.

Civil Action No. 21-20143 (KMW) (AMD)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court based upon Plaintiff's filing of an amended complaint (ECF No. 20) following the dismissal of his original complaint. (*See* ECF Nos. 18-19.) As Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed.

## I.    BACKGROUND

Plaintiff is a state pre-trial detainee, who is currently detained in the Mercer County Correction Center. (*See* ECF No. 20 at 3). In his amended complaint, Plaintiff states that he is currently subject to criminal charges in Atlantic County which are pending before Defendant, Judge Todd Miller. (*Id.*) Plaintiff believes, however, that he is not subject to state criminal law because he has not explicitly consented to it. (*Id.*) He therefore seeks to use his current complaint to challenge the actions of Judge Miller, alleging that the judge's actions in the criminal matter

violated his rights presumably insomuch as they have subjected him to potential criminal punishment and have rendered him subject to detention in a county jail. (*Id.*)

## II.   <u>LEGAL STANDARD</u>

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In this matter, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 against a single named Defendant – a New Jersey state court judge who is overseeing Plaintiff's ongoing state court criminal proceedings. Plaintiff contends that, by subjecting him to criminal pre-trial detention and prosecution, the judge has in some manner denied him his right to Due Process, notwithstanding Plaintiff's expressed disdain for the state and federal court systems and his belief that he is not subject to New Jersey law as he believes himself to be a non-citizen. As this Court previously explained to Plaintiff, however, state judges are immune from suit under § 1983 for actions taken in their judicial capacities unless they acted in the complete absence of all jurisdiction. *See Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). Because Plaintiff's claims all challenge actions taken by Defendant in his judicial capacity, and nothing Plaintiff provides even suggests, let alone shows, a complete lack of all jurisdiction, Defendant is entitled to immunity in this matter. Although the doctrine of judicial immunity bars only claims seeking damages, Congress has explicitly extended this immunity in § 1983 matters to also bar claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." *See*

*Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Plaintiff's claims seeking injunctive relief, including the dismissal or cessation of his criminal proceedings, are thus likewise improper as Plaintiff has not shown that a declaratory decree was violated or that such relief is unavailable. *Id.* While this bar does not prevent a Plaintiff from seeking declaratory relief against a state court judge, declaratory relief may not be sought under § 1983 solely for the purposes of acquiring a declaration that a defendant has violated a plaintiff's rights, a declaration of liability, or to adjudicate past conduct. *Corliss v. O'Brien*, 200 F. App'x 80, 84-85 (3d Cir. 2006). Plaintiff here does not truly seek declaratory relief, but like the Plaintiff in *Corliss* instead is seeking injunctive action – the interference with his criminal proceedings – and a general declaration of liability. Such relief is not permitted under § 1983. All of Plaintiff's claims against Defendant Miller must be dismissed with prejudice as a result.

Recognizing that he may well be barred from proceeding against the Judge himself due to judicial immunity, Plaintiff also explicitly requests that this Court insert itself into state criminal proceedings and end those proceedings via an order to show cause and eventual injunction. This Court, however, has no authority to interfere in ongoing state criminal proceedings, and under binding law must abstain from hearing claims which would require the Court to so interfere. *See, e.g., ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (*Younger* abstention doctrine requires that federal courts abstain from hearing federal civil cases which "threaten[] to interfere with . . . state criminal prosecutions"); *see also Younger v. Harris*, 401 U.S. 37 (1971). Thus, even putting aside the immunity issue and assuming *arguendo* that Plaintiff's claims could fall into an exception to it, this Court would still be required by binding precedent to refrain from hearing Plaintiff's claims, and Plaintiff's amended complaint must be dismissed for that reason as well.

IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 20) shall be

**DISMISSED WITH PREJUDICE**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge